IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TERRY T.,**[1]

                Plaintiff,                Civ. No. 3:19-cv-02034-MK

    v.                                       **OPINION AND ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

**ANDREW SAUL**, Acting
Commissioner of Social Security

                Defendant.

**KASUBHAI, District Judge:**

    Plaintiff Terry T. ("Plaintiff") brought this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her applications for Supplemental Security Income under Title XVI of the Social Security Act ("the Act"). In an Opinion and Order dated March 2, 2021, the Court reversed the Commissioner's decision and remanded the case for further administrative proceedings. A Judgment was also filed on March 2, 2021. Plaintiff now

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental parties in this case.

Page 1 – OPINION AND ORDER

moves to alter or amend the Judgment pursuant to Fed. R. Civ. P. 59. For the reasons stated, Plaintiff's motion is denied.

## BACKGROUND

Plaintiff filed applications for SSI and DIB on two separate occasions: first on December 22, 2014, and again on December 15, 2015. Plaintiff appealed the Commissioner's final decision regarding her applications dated December 15, 2015 to this Court. In her opening brief, Plaintiff alleged that the Administrative Law Judge ("ALJ") who adjudicated her case had reopened the Agency's determination on Plaintiff's December 22, 2014 applications, and that the ALJ improperly evaluated the medical opinion evidence, the lay witness evidence, and Plaintiff's subjective symptom testimony.

In the Opinion and Order adjudicating Plaintiff's appeal of the Commissioner's decision, the Court found that the ALJ erroneously rejected Plaintiff's testimony, the opinion of treating psychologist Dr. Tippett, and the opinion of lay witness Toni Robinson. Based on these errors, the Court ordered a remand for further administrative proceedings to give the ALJ the opportunity to (1) reevaluate Plaintiff's subjective symptom testimony and Ms. Robinson's lay witness testimony; (2) conduct a de novo review of the medical opinion evidence; (3) obtain additional VE testimony based on a reformulated RFC; and (4) conduct any further necessary proceedings. In making this determination, the Court did not address Plaintiff's argument that the ALJ de facto reopened a prior ALJ's determinations on Plaintiff's prior applications for SSI and DIB, stating:

> The court need not discuss whether ALJ de facto reopened the determinations on Plaintiff's prior applications for SSI and DIB to reach its analysis and conclusion on remand, and therefore declines to do so.

(ECF 24 at p. 18, fn. 9.) The Court entered a Judgment on March 2, 2021 in accord with the Opinion and Order to remand the case for further proceedings and dismiss Plaintiff's action.

Page 2 – OPINION AND ORDER

Plaintiff now moves to alter or amend the Court's Judgment under Fed. R. Civ. P. 59(e) to address the issue of whether the ALJ de facto reopened the Commissioner's decision on Plaintiff's prior applications and whether the Court failed to find Plaintiff was disabled as of September 6, 2016.

## STANDARD OF REVIEW

"A district court has considerable discretion when considering a motion to alter or amend a judgment under Rule 59(e)." Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003). Absent highly unusual circumstances, relief under Rule 59(e) is only appropriate where (1) the moving party presents newly discovered evidence to the court, (2) the court committed clear error, (3) to prevent manifest injustice, or (4) there is an intervening change in controlling law. McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999). "Clear error occurs when 'the reviewing court is left with the definite and firm conviction that a mistake has been committed.'" Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013). To be clearly erroneous, a district court's determination must "strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." Ocean Garden, Inc. v. Marktrade Co., Inc., 953 F.2d 500, 502 (9th Cir. 2001).

## DISCUSSION

Because Plaintiff does not allege any highly unusual circumstance, new evidence, or change in law that requires the Court to take action, the sole issue here is whether (1) the Court clearly erred by declining to consider Plaintiff's argument that the ALJ de facto reopened the determinations on her prior applications for SSI and DIB, or (2) the Court's actions cause a manifest injustice to Plaintiff. McDowell 197 F.3d at 1255, n.1.

In her initial briefing (ECF. 15), Plaintiff argued that the ALJ de facto reopened a determination on her December 22, 2014 benefits application when the ALJ acknowledged Plaintiff's alleged disability onset date of June 1, 2011 and discussed evidence of Plaintiff's impairments dating back to November 2009. Plaintiff, however, did not allege any reversible error in her briefing related to the ALJ's alleged reopening of her prior application. The Court therefore did not address this argument in the Opinion and Order. On this record, Plaintiff has not shown that the Court's decision not to address Plaintiff's contention that the ALJ reopened the record was clear error. Smith, 727 F.3d at 955.

Further, Plaintiff has not shown that the Court's Judgment caused a manifest injustice. The Court's role in reviewing the Commissioner's decision is to determine whether it was based on proper legal standards and supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). Here, the Court determined that the Commissioner's decision was not based upon proper legal standards and remanded the case for further proceedings. On remand, the Commissioner's decision is vacated and the ALJ is required to perform the entire five-step sequential analysis. Plaintiff will thus have the opportunity to present argument and evidence to the ALJ as to why a reopening of her prior applications is appropriate. The Court therefore rejects Plaintiff's argument that the Court's failure to address the issue of de facto reopening constitutes a manifest injustice. Plaintiff had the opportunity to be heard on her claims filed December 22, 2014, and will have a second opportunity to be heard regarding her claims filed on December 15, 2015.

Plaintiff also asks the Court to find, based on the opinion of Dr. Tippett, that she was disabled as of September 6, 2016 and to remand this matter for the immediate payment of benefits as of September 6, 2016. The Court also rejects this argument. In the Opinion and Order, the Court

found that the ALJ erred by rejecting the opinion of treating psychologist Dr. Tippett. Dr. Tippett began treating Plaintiff on September 6, 2016, and opined on June 29, 2018 that Plaintiff would be absent from work for 5 days or more per month. (Tr. 1387.) At the administrative hearing, the VE testified that a claimant who missed more than one day of work per month would not be able to sustain substantial gainful employment. (Tr. 75.) If credited as true, Dr. Tippett's erroneously rejected opinion at best establishes that Plaintiff was disabled as of June 29, 2018. Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015). Further, the decision to remand for further proceedings or for an award of benefits is a discretionary matter for the reviewing Court. Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985). Here, Plaintiff alleged a disability onset date of June 1, 2011, and further proceedings are necessary to adjudicate her claims. Because further proceedings are necessary before a finding of disability can be made, the Court declines to alter the Judgment and remand this matter for the immediate payment of benefits. Stone, 761 F.2d at 533.

In sum, the Court's Judgment based on the Opinion and Order filed March 2, 2021 contains no clear error and causes no manifest injustice. McDowell 197 F.3d at 1255, n.1. The Court therefore declines to exercise its discretion to grant Plaintiff's motion to alter or amend the Judgment of March 2, 2021. Plaintiff's motion is denied.

## CONCLUSION

For the reasons stated above, Plaintiff's motion under Rule 59(e) (ECF. 27) is DENIED.

IT IS SO ORDERED.

DATED this 7th day of June 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge